**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

| | |
|---|---|
| SONIA DORE WOODING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMERICAN AIRLINES, INC., a ) <br> foreign profit corporation ) <br> ) <br> Defendant. ) | Case No: 1:26-cv-20312 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, AMERICAN AIRLINES, INC., a foreign profit Corporation (herein after "American Airlines"), hereby gives its Notice of Removal of this action from the Fourth Judicial Circuit for Miami-Dade County, State of Florida, to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 United States Code Sections 1332, 1441, and 1446 and Federal Rule of Civil Procedure 81(c). This case is removable under diversity of citizenship because the citizenship of all parties is completely diverse and the amount in controversy exceeds the jurisdictional amount. In support of this Notice of Removal, American Airlines states as follows:

**I. General Removal**

1.  On December 17, 2025, Plaintiff commenced a civil action in the Fourth Judicial Circuit for Miami-Dade County, State of Florida, styled, *Sonia Doore Wooding v. American Airlines Inc. a foreign profit corporation*, with Civil Action No. 2025-024745-CA-01. See Plaintiff's Complaint attached as **Exhibit A**.

2. Service of process was received by American Airlines on December 23, 2025. *See*, Return Service of Process note, dated December 24, 2025, attached as **Exhibit B**. This date is within thirty (30) days of the filing of this Notice.

3. Plaintiff's Complaint alleges claims for negligence and respondeat superior against American Airlines arising from injuries Plaintiff allegedly sustained on January 9, 2024. Plaintiff alleges that she requested and obtained wheelchair assistance services through American Airlines as part of her travel itinerary. Complaint at paras. 6-7, attached as **Exhibit A**

4. According to Plaintiff, while she was being pushed through Miami-Dade International Airport by an American Airlines' employee, agent, or contractor, she was not properly secured in the wheelchair, fell out of the chair, and suffered injuries. Complaint at para.7, attached as **Exhibit A**

5. Specifically, Plaintiff alleges that Defendant breached its duty of care by failing to properly secure the wheelchair and Plaintiff, failing to cautiously push the wheelchair, failing to monitor Plaintiff while she was being pushed, and failing to adequately respond to the incident. Complaint at para. 9, attached as **Exhibit A**

6. This Notice of Removal is timely, as it is filed on January 16, 2026, within thirty (30) days of receipt by American Airlines of the initial pleading in this case, pursuant to 28 U.S.C. § 1446(b)(1).

## II. The Parties are Completely Diverse

7. Plaintiff's citizenship is the State of Florida, as Plaintiff's Complaint alleges that Plaintiff resides in Broward County, Florida.[1] Complaint at para. 2, attached as **Exhibit A**.

---

[1] It is well established a party's residence is *prima facie* evidence of a party's domicile. *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954); *Deckers v. Kenneth W. Rose, Inc.,* 592 F.Supp. 25, 28 (M.D.Fla. 1984). For purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship. *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002).

8. Plaintiff's Complaint does not allege American Airline's state citizenship but identifies it as a foreign for-profit corporation conducting business in Miami-Dade County, Florida. Complaint at para. 3, attached as **Exhibit A**.

9. American Airlines is a Delaware corporation with its principal place of business in Texas. This makes American Airlines a citizen of both the States of Delaware and Texas.

10. Accordingly, because Plaintiff is a citizen of the State of Florida and American Airlines is a citizen of the States of Delaware and Texas, the parties are completely diverse.

### III. The Amount in Controversy

11. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

12. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

13. "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129 (S.D.Fla., 2009), *citing, Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

14. A district court is not "handcuff[ed] ... where a plaintiff purposefully refuses to acknowledge that [it] is seeking [relief] [in] the requisite [amount]." *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009); *see also, Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010)("[C]ourts may use their judicial experience and

common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

15. According to Plaintiff's Civil Cover Sheet entered on December 17, 2025, the amount of the claim exceeds $100,000.00. at the time of filing the instant lawsuit, which supports the claim that Plaintiff's claimed damages exceed $75,000.00. Civil Cover Sheet, attached **Exhibit C.**

16. Taken together, both the Plaintiff's allegations of the severity of her injuries and the amount of damages being claimed in this case, specifically provides evidence to the degree required by 28 USC § 1446(c)(2)(B), that the amount in controversy exceeds $75,000.00.

17. Therefore, the amount of claimed damages is greater than seventy-five thousand Dollars ($75,000.00). This exceeds the minimum amount in controversy requirement of seventy-five thousand Dollars ($75,000.00) established in 28 U.S.C. § 1332(a).

## IV. Additional Procedural Requirements

18. Therefore, this case is removable to the United States District Court for the Southern District of Florida on the grounds of diversity of citizenship.

19. There is complete diversity of citizenship between the legally joined parties and amount in controversy has been exceeded.

20. In accordance with 28 U.S.C. § 1446(a), a copy of all pleadings, process, or orders received by American Airlines as of this date are attached to this Notice of Removal as **Exhibit D.** Furthermore, a copy of the state court docket sheet is attached as **Exhibit E.**

21. The Civil Case Information Sheet is also attached. See, **Exhibit C**.

22. In accordance with 28 U.S.C. § 1446(d), Plaintiff is being served with a copy of this Notice of Removal. Additionally, a copy of this Notice of Removal is being filed with the Fourth Judicial Circuit for Miami-Dade County, State of Florida.

23. All other requirements for removal pursuant to 28 U.S.C. § 1446(d) and the applicable rules have been complied with.

24. By filing this Notice of Removal, American Airlines does not waive any defenses, nor does it admit any of Plaintiff's allegations. American Airlines expressly reserves all available defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

## V. Conclusion

25. Because there exists complete diversity between Plaintiff and Defendant, who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, Defendant, American Airlines files this Notice of Removal and removes this action to the United States District Court for the Southern District of Florida.

PLAINTIFF IS HEREBY NOTIFIED to proceed no further in state court proceedings previously pending in the Fourth Judicial Circuit for Miam-Dade County, State of Florida.

> CHARTWELL LAW
> Attorneys for Defendant
> 100 SE 2nd Street, Suite 2150
> Miami, FL  33131
> Tel: (305) 372-9044
> Fax: (305) 372-5044
> Designated emails, per Fla.R.Jud.Admin. 2.516:
> Primary: khayduk@chartwelllaw.com, ahobsongarcia@chartwelllaw.com
> Secondary: esmith@chartwelllaw.com, mlee@chartwelllaw.com
>
> By:     /s/ Ashley Paige Hobson-Garcia
> Kirstie L Hayduk, Esq
> Florida Bar No.: 168637
> Ashley Paige Hobson-Garcia, Esq.
> Florida Bar No.: 1048925

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
### Miami Division

| | |
|---|---|
| SONIA DORE WOODING, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>AMERICAN AIRLINES, INC., a )<br>foreign profit corporation )<br>)<br>  Defendant. ) | Case No: 1:26-cv-20312 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the attached service list, and to all parties who may be listed for service via the E-Filing Portal but of whom the undersigned has not received service information, on January 16, 2026.

> CHARTWELL LAW
> *Attorneys for Defendant*
> 100 SE 2nd Street, Suite 2150
> Miami, FL 33131
> Tel: (305) 372-9044
> Fax: (305) 372-5044
> Designated emails, per Fla.R.Jud.Admin. 2.516:
> Primary: khayduk@chartwelllaw.com,
> ahobsongarcia@chartwelllaw.com
> Secondary: esmith@chartwelllaw.com,
> mlee@chartwelllaw.com
>
> By: ___/s/ Ashley Paige Hobson-Garcia___
>   Kirstie L Hayduk, Esq
>   Florida Bar No.: 168637
>   Ashley Paige Hobson-Garcia, Esq.
>   Florida Bar No.: 1048925

**SERVICE LIST**

Attorney for Plaintiff
Jermaine O'Neal Thompason, P.A.
Jermaine Thompson, Esq.
1620 W. Oakland Park Blvd., Suite 400
Oakland Park, FL 33311
jthompson@jotlawfirm.net
gaellew@jotlawfirm.com

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Sonia Dore Wooding

### DEFENDANTS
American Airlines Inc. a foreign corporation

**(b)** County of Residence of First Listed Plaintiff: Broward County, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware and Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jermaine Thompson, Esq. Jermaine O'Neal Thompason, P.A.1620 W.

Attorneys *(If Known)*
Kirstie L Hayduk, Esq, Ashley Hobson-Garcia Chartwell Law, 100 S

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Acts | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Re-filed *(See VI below)* ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

### VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☒ NO  b) Related Cases ☐ YES ☒ NO
JUDGE: DOCKET NUMBER:

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 USC. 1332, 1441 and 1446
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ 75,001.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE: January 16, 2026  SIGNATURE OF ATTORNEY OF RECORD: /s/Kirstie Hayduk

FOR OFFICE USE ONLY : RECEIPT #     AMOUNT     IFP     JUDGE     MAG JUDGE



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 32962875**
**Date Processed: 12/24/2025**

| | |
|---|---|
| **Primary Contact:** | Tracy Adair<br>AMERICAN AIRLINES, INC.<br>1 Skyview Dr<br>Md 8B503<br>Fort Worth, TX 76155-1801 |
| **Entity:** | American Airlines, Inc.<br>Entity ID Number 4333094 |
| **Entity Served:** | American Airlines, Inc. |
| **Title of Action:** | Sonia Dore Wooding vs. American Airlines, Inc., a foreign profit corporation |
| **Matter Name/ID:** | Sonia Dore Wooding vs. American Airlines, Inc., a foreign profit corporation (18381717) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 2025-024745-CA-01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 12/23/2025 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jermaine O'Neill Thompson, P.A.<br>954-437-4657 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 238024451 E-Filed 12/18/2025 12:45:37 PM



12-23-25
12pm

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SONIA DORE WOODING,

       Plaintiff,

v.

AMERICAN AIRLINES, INC. a foreign profit corporation,

       Defendant.
_____/

GENERAL JURISDICTION DIVISION

CASE NO: 2025-024745-CA-01

**SUMMONS**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on defendant:

**AMERICAN AIRLINES, INC. a foreign profit corporation**
BY SERVING: Registered Agent: CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

Each defendant is required to serve written defenses to the Complaint on plaintiff's attorney, to wit:

Jermaine O. Thompson, Esq.
Jermaine O'Neill Thompson, P.A.
1620 W. Oakland Park Blvd., Ste. 400
Oakland Park, FL 33311
Telephone: (954) 437-4657

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.    12/22/2025

DATED ON _____

Clerk of said Court

38084

By:_____
                       as Deputy Clerk

(Court Seal)

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SONIA DORE WOODING,

        Plaintiff,

v.

AMERICAN AIRLINES, INC. a foreign profit
corporation,

        Defendant.
_____/

GENERAL JURISDICTION DIVISION

CASE NO: 2025-024745-CA-01

## COMPLAINT FOR MONEY DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, SONIA DORE WOODING, (hereinafter referred to as "Plaintiff") sues Defendant AMERICAN AIRLINES, INC. a foreign profit corporation (hereinafter referred to as "Defendant") and alleges:

### PARTIES, JURISDICTION AND VENUE

1. This is an action in negligence seeking damages in excess of the jurisdictional minimum of this court, exclusive of interest and court costs.

2. Plaintiff, SONIA DORE WOODING, is an individual over the age of eighteen (18) residing in Broward County, Florida.

3. Defendant, AMERICAN AIRLINES, INC. a foreign profit corporation duly conducting business in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County, as the cause of action accrued in Miami-Dade County, Florida.

5. This Honorable Court has jurisdiction over this cause and the parties hereto.

### FACTUAL BACKGROUND

6. On or about January 9, 2024, Plaintiff requested and obtained wheelchair assistance services through Defendant as part of her travel itinerary with Defendant.

7. As Plaintiff was being pushed by Defendant's employee, agent or contractor, through the Miami-Dade International Airport, Plaintiff was not properly secured in the wheelchair and fell out of the chair as she was being pushed, and severely injured herself.

8. Defendant and its employee, agent or contractor had a duty of care to properly secure Plaintiff in the wheelchair and to push Plaintiff in a non-aggressive manner to avoid Plaintiff from falling out of the wheelchair and injuring herself.

9. Defendant breached its duty of care by failing to properly secure the wheelchair and Plaintiff, failed to cautiously push the wheelchair, failed to monitor Plaintiff while she was being pushed, and also failed to adequately responded to the incident.

## COUNT I
## NEGLIGENCE

10. Plaintiff re-alleges and incorporates, as if fully set forth herein, each and every allegation as stated in paragraphs 1 through 9.

11. Defendant owed Plaintiff a legal duty to exercise reasonable care in the wheelchair services it provided to Plaintiff.

12. Defendant breached said duty when it negligently failed to secure Plaintiff in the wheelchair, push the wheelchair aggressively, and with lack of due care so as to cause Plaintiff to fall out of the wheelchair and injure herself.

13. As a direct and proximate result of Defendant's negligence, Plaintiff was injured in and about her body and extremities, suffered associated pain, incurred medical expenses in the

treatment of the injuries, suffered physical handicap, which impaired Plaintiff's ability to work. Plaintiff was caused to suffer and will in the future be caused to suffer a loss of the ability to lead an ordinary life; and will be caused to suffer in the future a loss of earnings and earning capacity; and was caused and will in the future be caused to undergo medical care and treatment for the injuries sustained. The injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future. Furthermore, where there is no finding of permanent injury, the Plaintiff is entitled to applicable medical expenses and lost gross income and earning capacity not payable from any other collateral source, pursuant to applicable law.

14.  At all times material hereto, the injuries sustained by the Plaintiff have exceeded all applicable thresholds in the State of Florida.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages and the court costs of this action, and such other and further relief as the Court deems proper.

## COUNT II
## RESPONDEAT SUPERIOR

15.  Plaintiff re-alleges and incorporates, as if fully set forth herein, each and every allegation as stated in paragraphs 1 through 9.

16.  At all times material hereto, Defendant employee, agent or contractor was acting within the scope of his employment with Defendant. As such, Defendant is vicariously liable for damages resulting from the illicit acts of its employee, agent or contractor committed within the scope of his employment even if the employer is without fault. This is based on the long recognized public policy that victims injured by employees acting within the scope of their

3

employment should be compensated even though it means placing vicarious liability on an employer.

17. As a direct, proximate and foreseeable result of the illicit acts of Defendant, the Plaintiff suffered mental and emotional anguish, psychological trauma, bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, according to law including monetary and all other damages cognizable at law, costs of this action, interest, and upon amendment as indicated below, for punitive damages, as well as such other and further legal and equitable relief as the Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, in accordance with Rule 1.430, Florida Rules of Civil Procedure, requests a jury trial of all issues so triable.

JERMAINE O'NEILL THOMPSON, P.A.
*Attorney for Plaintiff*
1620 W. Oakland Park Blvd., Ste. 400
Oakland Park, Florida 33311
Telephone: (954) 437-4657
Facsimile: (954) 606-5288

/s/ Jermaine Thompson
BY:_____
Jermaine Thompson, Esq.
Florida Bar No.: 0010913

4